IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN BERRONES, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § | |
| Plaintiff, | | No. _____ |
| v. | | JURY TRIAL DEMANDED |
| CHAMPION FOOD SERVICE, INC. and CHAMPION FOOD SERVICE #2, INC., | | |
| Defendants. | | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Juan Berrones (referred to as "Plaintiff" or "Berrones") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Champion Food Service, Inc. and Champion Food Service #2, Inc. (collectively referred to as "Defendants" or "Champion Food Service"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Berrones' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian

goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Champion Food Service violated the FLSA by employing Berrones and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Champion Food Service violated the FLSA by failing to maintain accurate time and pay records for Berrones and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Berrones brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Berrones is an individual who resides in Harris County, Texas and who was employed by Champion Food Service during the last three years.

9. Defendant Champion Food Service, Inc. is a Texas corporation that may be served with process by serving its registered agent, Marcelino Cordero, at 5702 Alvarado Drive, Houston, Texas 77035. Alternatively, if the registered agent of Champion Food Service, Inc. cannot with reasonable diligence be found at the company's registered office, Champion Food Service, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant Champion Food Service #2, Inc. is a Texas corporation that may be served with process by serving its registered agent, Lucas Gonzalez, at 5935 Onyx Way, San Antonio, Texas 78222. Alternatively, if the registered agent of Champion Food Service #2, Inc. cannot with reasonable diligence be found at the company's registered office, Champion Food Service #2, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Whenever it is alleged that Champion Food Service committed any act or omission, it is meant that the Champion Food Service's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Champion Food Service or was done in the routine and normal

course and scope of employment of the Champion Food Service's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

12. Champion Food Service is a meat market and grocer/restaurant supply company that does business in the territorial jurisdiction of this Court.

13. Champion Food Service employed Berrones as a loader and warehouseman from approximately June 2011 until approximately January 2013.

14. During Berrones' employment with Champion Food Service, he was engaged in commerce or in the production of goods for commerce.

15. During Berrones' employment with Champion Food Service, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

16. During Berrones' employment with Champion Food Service, he regularly worked in excess of forty hours per week.

17. Champion Food Service knew or reasonably should have known that Berrones worked in excess of forty hours per week.

18. Champion Food Service paid Berrones a predetermined amount on a weekly basis that was subject to reduction because of variations in the quality or quantity

of work performed. For example, Champion Food Service reduced Berrones' pay for reporting to work late or for discrepancies in orders that he processed.

19. Champion Food Service did not pay Berrones overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

20. Champion Food Service knew or reasonably should have known that Berrones was not exempt from the overtime provisions of the FLSA.

21. Champion Food Service failed to maintain accurate time and pay records for Berrones and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

22. Champion Food Service knew or showed a reckless disregard for whether its pay practices violated the FLSA.

23. Champion Food Service is liable to Berrones for his unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

24. All loaders and warehousemen employed by Champion Food Service are similarly situated to Berrones because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Champion Food Service pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

25. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

26. During Berrones' employment with Champion Food Service, he was a nonexempt employee.

27. As a nonexempt employee, Champion Food Service was legally obligated to pay Berrones "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

28. Champion Food Service failed to pay Berrones for the hours he worked over forty in a workweek at one and one-half times his regular rate.

29. Instead, Champion Food Service paid Berrones a predetermined amount on a weekly basis that was subject to reduction because of variations in the quality or quantity of work performed in violation of 29 U.S.C. § 207(a)(1).

30. If Champion Food Service classified Berrones as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

31. Champion Food Service knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Champion Food Service willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

32. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA described above, Champion Food Service also failed to keep proper time records as required by the FLSA.

### VI. Count Three—Collective Action Allegations

35. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36. On information and belief, other employees have been victimized by Champion Food Service's violations of the FLSA identified above.

37. These employees are similarly situated to Berrones because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

38. Champion Food Service's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

39. Since, on information and belief, Berrones' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

40. All employees of Champion Food Service, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is

no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All loaders and warehousemen employed by Champion Food Service during the last three years.

41. Champion Food Service is liable to Berrones and other loaders and warehousemen for the difference between what it actually paid them and what it was legally obligated to pay them.

42. Because Champion Food Service knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Berrones and the other loaders and warehousemen their unpaid overtime wages for at least the last three years.

43. Champion Food Service is liable to Berrones and the other loaders and warehousemen in an amount equal to their unpaid overtime wages as liquidated damages.

44. Champion Food Service is liable to Berrones and the other loaders and warehousemen for their reasonable attorneys' fees and costs.

45. Berrones has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VI. Jury Demand

46. Berrones demands a trial by jury.

## VI. Prayer

47. Berrones prays for the following relief:

    a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. Judgment awarding Berrones and other loaders and warehousemen all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. Prejudgment interest at the applicable rate;

    d. Postjudgment interest at the applicable rate;

    e. All such other and further relief to which Berrones and the other loaders and warehousemen may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: s/ Melissa Moore
   Melissa Moore
   State Bar No. 24013189
   Curt Hesse
   State Bar No. 24065414
   Lyric Center
   440 Louisiana Street, Suite 675
   Houston, Texas 77002
   Telephone: (713) 222-6775
   Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**